01

02

03

04

05

06                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08 COTOC JOSE SANCHEZ,              )   CASE NO. C09-1646-RSM
                                    )
09        Petitioner,               )
                                    )
10        v.                        )
                                    )   REPORT AND RECOMMENDATION
11 A. NEIL CLARK, Field Office Director, U.S. )
   Immigration and Customs Enforcement, )
12                                  )
          Respondent.                )
13 _____ )

14              I.    INTRODUCTION AND SUMMARY CONCLUSION

15        On November 18, 2009, petitioner Cotoc Jose Sanchez, also known as Jose

16 Cotoc-Sanchez, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241,

17 challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt.

18 No. 6.) He requests that this Court order his release from custody on conditions or reasonable

19 bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1.

20 On January 11, 2010, the government filed a motion to dismiss, arguing that petitioner's habeas

21 petition should be dismissed because petitioner has received two individualized bond hearings

22 before an Immigration Judge, and was ordered released from custody under bond of $5,000 at

the first bond hearing, and was granted a bond reduction to $2,500 at the second hearing. (Dkt. No. 12.) The government asserts that because petitioner has received the relief sought in his habeas petition, his petition should be dismissed. *Id*.

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be granted, and this matter be dismissed with prejudice.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Guatemala who entered the United States without inspection on or about May 25, 2005. (Administrative Record ("AR") at L81, L115.) On May 19, 2009, petitioner was detained by ICE following his release from the Washington County Jail in Hillsboro, Oregon, where he had been booked after his arrest for Theft in the Third Degree. (AR R3, R9, R41.) ICE served petitioner with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal for being present in the United States without being admitted or paroled. (AR L6-7.)

On July 15, 2009, petitioner appeared for a bond hearing before an Immigration Judge ("IJ") who ordered that petitioner be released from custody under bond in the amount of $5,000. (AR L11-12, L14, L17.) Petitioner appealed the IJ's bond decision to the Board of Immigration Appeals ("BIA"), which determined that a $5,000 bond amount was reasonable under the circumstances. (AR L104-105.)

On August 14, 2009, the IJ ordered petitioner removed to Guatemala. (AR L62-74.) On August 17, 2009, petitioner timely appealed the IJ's removal order to the BIA, which dismissed the appeal on October 30, 2009. (AR L102-103, L137-38.) On November 9, 2009, petitioner filed a petition for review of the BIA's decision with the Ninth Circuit Court of

Appeals, along with a request for a temporary stay of removal. *See Cotoc-Sanchez v. Holder*, No. 09-73557 (9th Cir. 2009). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), a temporary stay of removal was automatically issued. *See id*. Petitioner's petition for review remains pending in the Ninth Circuit. On November 11, 2009, petitioner filed the present habeas corpus action, challenging his continued detention. (Dkt. No. 6.)

On January 7, 2010, a bond redetermination hearing was held before an IJ, who ordered that petitioner's bond amount be reduced from $5,000 to $2,500. (Dkt. No. 12, Ex. 1.) On January 11, 2010, respondent filed a Return Memorandum and Motion to Dismiss. (Dkt. No. 12.) Petitioner did not file a response.

### III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* INA § 236, 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See id*. Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231.

Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A). During the 90 day removal period, continued detention is required. INA § 241(a)(2). Section 241(a)(6)

provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6). The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)(B), which provides:

> The removal period begins on the latest of the following:
>
> (i)   The date the order of removal becomes administratively final.
>
> (ii)  <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B)(emphasis added). Thus, pursuant to INA § 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under INA § 236(a) until the court renders its decision. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008).

*In Prieto-Romero*, the Ninth Circuit held that aliens who are in immigration detention pending judicial review of an administratively final order of removal are entitled to an individualized bond hearing before an Immigration Judge. *Prieto-Romero*, 534 F.3d at 1053. The Ninth Circuit determined that even though an alien's continued detention is authorized by INA § 236(a), "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Prieto-Romero*, 534 F.3d at 1065 (quoting Zadvydas, 533 U.S. 678, 690-91 (2001)). The Court thus held that an alien has the right to contest the necessity of his detention before a neutral decision maker and an

opportunity to appeal that determination to the BIA. *See Prieto-Romero*, 534 F.3d at 1066 (citing 8 C.F.R. § 236.1(d); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)(holding that "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to community at large, likely to abscond, or otherwise a poor bail risk.")).

In the present case, the Ninth Circuit has issued a stay pending its review of petitioner's administrative removal order. *See Cotoc-Sanchez*, No. 09-73557. Because his removal order has been stayed by the Ninth Circuit pending its review of the BIA's decision, the removal period has not yet begun and INA § 236(a) still applies. *See id*. As respondent asserts, however, the record shows that petitioner was provided two individualized bond hearings before an Immigration Judge where he was given the opportunity to present evidence in support of his release, and an opportunity to appeal that determination to the BIA. On July 15, 2009, petitioner appeared for a bond hearing before an IJ who ordered that petitioner be released from custody under bond in the amount of $5,000. (AR L11-12, L14, L17.) Petitioner appealed the IJ's bond decision to the BIA, arguing that the bond amount set by the IJ was excessive and unreasonable. (AR L105.) The BIA dismissed the appeal, explaining that "[t]he purpose of bond is not to purchase freedom but rather to provide assurance of appearance after release. The test for determining excessiveness of bail is not whether a respondent is financially capable of posting bail but whether the amount of bail is reasonably calculated to assure the respondent's appearance for future proceedings." (AR L104-105 (internal citations omitted).) On January 7, 2010, a second bond redetermination hearing was held before an IJ, who ordered that petitioner's bond amount be reduced from $5,000 to $2,500. (Dkt. No. 12, Ex. 1.)

Because petitioner has received all of the relief sought in his habeas petition, his petition should be dismissed.[1] *Prieto-Romero*, 534 F.3d at 1053 (holding that due process is satisfied once an alien has "had an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA."); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008)(dismissing as moot part of habeas petition challenging detention without an individualized bond hearing after IJ held a bond hearing). (Dkt. No. 19.)

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 18th day of February, 2010.

Mary Alice Theiler
United States Magistrate Judge

---

[1] It also appears from the Ninth Circuit's Docket that petitioner was released from ICE custody and now resides in Hillsboro, Oregon. *See Cotoc-Sanchez*, No. 09-73557 (Dkt. 8).